DOMINICK SCARINZI, PLAINTIFF IN ERROR, v. STATE OF NEW JERSEY, DEFENDANT IN ERROR.

Submitted October 26, 1928—Decided February 4, 1929.

For the plaintiff in error, *George E. Cutley*.

For the defendant in error, *Aloysius McMahon* and *Eugene Sharkey*.

The following opinion was prepared by former Mr. Justice Minturn, in compliance with the assignment to him. It clearly expresses the view of the court upon the matters involved in the litigation, and is adopted by the court as its own opinion in the cause.

MINTURN, J. The defendant, the plaintiff in error here, was tried in the Hudson County Court of Oyer and Terminer, upon an indictment containing three counts. The first count charged him with the crime of murder; the second count alleged manslaughter, and the third count alleged assault and battery. He was convicted on the verdict of a jury on the latter count, of assault and battery, and he has taken a writ of error to review that conviction.

The facts proved by the state were that at about six o'clock on the morning of July 19th, 1927, he left his home in Hoboken, ostensibly to visit his place of employment in Union City, his real intention, however, being to spend a short time absent from home, and then to return and ascertain the truth of suspicions that he had entertained for sometime regarding the relations of his wife with the deceased, James Delle Fave.

When he returned to his home according to his preconceived purpose, he found Delle Fave in the home with his wife, thereby confirming his suspicions. Upon encountering Delle Fave in the apartment, the defendant drew a revolver and pointed it at Delle Fave, but before the weapon could be discharged Mrs. Scarinzi, his wife, seized the weapon and wrested it from his grasp. During the struggle for the possession of the revolver, Delle Fave, who possessed a razor, seized the opportunity to make his escape from the immediate zone of danger, by running from the Scarinzi apartment which was located on the third floor of the premises, through the hall-

way, to the premises of Lorenzo Scarini, and from that abode he made his way to a fire escape leading from the Scarini apartment to the backyard of the premises.

The defendant apparently lost no time in the pursuit of Delle Fave, but seizing a knife from his kitchen table, he ran down the stairs to the first floor of the building, where he perceived Delle Fave ensconced under the stairway. There a conflict took place between the defendant and Delle Fave, the details of which are not definitely in evidence, but the result of which was that Delle Fave was stabbed to death at the hands of the defendant.

The testimony in behalf of the defendant in the main supports the allegation of the state that the crime was thus consummated.

A written confession of the defendant was in the possession of the state, but does not appear in the printed record as having been offered as part of the state's case.

Lorenzo Scarini testified to the circumstances in detail, as far as he could have observed them, but he did not observe the mortal combat resulting in the death of Delle Fave.

It is contended in behalf of the defendant that upon this evidence the trial court should have directed a verdict of not guilty at the close of the state's case, and should have made a similar direction at the close of the entire case; but manifestly with this contention we are unable to agree, as the facts elicited and herein stated undoubtedly presented a question of fact for the jury to consider; and this question involved not only the truth of the facts as thus stated, but also the question of whether or not the defendant was the aggressor under the circumstances, and whether the act of killing was done in self defense, Delle Fave at that time being in the possession of a razor and capable, so far as the testimony shows, of using it for a deadly purpose against the defendant. The testimony shows that he came toward the defendant in a threatening manner, with the razor in his hand, in the defendant's own apartment, before the defendant took out his pistol, and that then Delle Fave ran out of the apartment and down the stairs, and when the defendant went downstairs he

was without his pistol, but had an ordinary knife in his hand, which he says he took without knowing for what purpose he took it. He further says that Delle Fave then approached him with the razor, and that in defending himself against the latter's attack he stabbed and killed Delle Fave.

It is probable that the jury reached their verdict upon the theory that the killing was done on the impulse of the moment, in a fit of passion, aroused by what seemed to be the improper relations existing between the deceased, Delle Fave, and the defendant's wife, and so conceiving the situation, they found the defendant guilty of assault and battery.

Under the circumstances we are unable to say that the finding of the jury was against the weight of the evidence. In *State* v. *Karpowitz*, 98 *N. J. L.* 546, this court held that "to justify a court in setting aside a verdict in a criminal case on the ground that it is against the weight of the evidence, the verdict must so clearly appear that it is against the weight of the evidence, as to give rise to the inference that it is the result of mistake, passion, prejudice or partiality." When we consider the possibility that rested in the judgment of the jury in finding this defendant guilty of either murder or manslaughter, it is obvious that the verdict returned against him of mere assault and battery gives rise to an inference of partiality towards him, rather than of passion, prejudice or partiality against him.

Our considertion of the entire case and the propriety of the verdict leads us to the conclusion that the conviction should be affirmed.

*For affirmance*—The Chancellor, Chief Justice, Trenchard Parker, Kalisch, Black, Katzenbach, Campbell, Lloyd, White, Van Buskirk, Kays, Hetfield, Dear, JJ. 14.

*For reversal*—None.